UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:11-cr-121-FtM-29SPC

STEPHEN KOZAK

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion For Return of Seized Property (Doc. #89) filed on March 27, 2014, and his Supplement Motion For Return of Seized Property Pursuant to Rule 41(g) (Doc. #96), filed on June 30, 2014.  The United States filed a Response (Doc. #97) on July 11, 2014, and at the Court's request defendant filed a Reply (Doc. #101).  Defendant seeks the return of items specified in his Supplement.

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" by filing a motion in the district court where the property was seized. Fed. R. Crim. P. 41(g).

Where a party invokes Rule 41(g) after the close of all criminal proceedings, the motion for return of property is treated as a civil action in equity.  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds, United States v. Lopez, 562 F.3d 1309, 1312-13 (11th Cir. 2009).  To merit relief under Rule 41(g), the movant must have an ownership

right in the property sought and must come into the transaction with "clean hands." United States v. Howell, 425 F.3d 971, 973-75 (11th Cir. 2005). "[T]he person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quotation marks omitted). Where a material issue of fact arises, the plain language of Rule 41(g) requires the court to "receive evidence . . . to decide the motion." See Fed. R. Crim. P. 41(g). "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g); see also Ramirez, 260 F.3d at 1314 (concluding the district judge incorrectly denied a criminal defendant's Rule 41(e) motion based on the government's unsupported allegation that the property at issue had been destroyed). Where a defendant is convicted of an offense involving the sexual exploitation of a minor, he must forfeit his interest in any: (1) images containing sexually explicit depictions of minors; (2) property constituting or traceable to profits from the offense; and (3) property used or intended to be used to commit the offense. 18 U.S.C. § 2253(a). United States v. Connolly, 446 F. App'x 254, 255 (11th Cir. 2011).

The Court makes the following determinations with regard to the items defendant seeks to have returned:

1. **Vivitar Digital Camera**: The government asserts that this was released to Denise Finlay on November 14, 2011.

Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect.  As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

2. **Dell Tower (SN 3PX9H51)**:  The government asserts that this was released to Denise Finlay on November 14, 2011. Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect.  As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

3. **IBM Think Pad (SN L3-E9471)**:  The government asserts that this was released to Denise Finlay on November 14, 2011. Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect.  As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

4. **Logital Web Cam**:  The government asserts this cannot be returned because it was either used in the commission of defendant's offense or is contraband.  Defendant denies any item he seeks contains evidence of a crime or is properly within the concept of being contraband.  The issue of whether the item was property used in the commission of

the offenses charged is disputed so a hearing to receive evidence is required.

5. **Olympus Digital Camera**:  The government asserts that this was released to Denise Finlay on November 14, 2011. Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect.  As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

6. **Sly Electronics**:  The government asserts that this was released to Denise Finlay on November 14, 2011.  Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect.  As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

7. **HP Computer Tower (SN 2UA8191985)**:  The government asserts that this contains evidence of defendant's offense and cannot be returned because it is derivative contraband. Defendant denies any item he seeks contains evidence of a crime or is properly within the concept of being contraband.  The issue of whether the item was property used in the commission of the offenses charged is disputed so a hearing to receive evidence is required.

8. **HP laptop (SN CNF6161871)**: The government asserts that this contains evidence of defendant's offense and cannot be returned because it is derivative contraband. Defendant denies any item he seeks contains evidence of a crime or is properly within the concept of being contraband. The issue of whether the item was property used in the commission of the offenses charged is disputed so a hearing to receive evidence is required.

9. **Toshiba (SN 3A753132K)**: The government asserts that this was released to Denise Finlay on November 14, 2011. Defendant denies that Ms. Finlay has ever received any item from the government, and Ms. Finlay has submitted an Affidavit to that effect. As a material issue of fact exists as to the location of this item, a hearing to receive evidence is required.

10. **Miscellaneous CDs and movies**: The government asserts that this was released to Denise Finlay on November 14, 2011. Defendant asserts that nothing of value was returned, and Ms. Finlay has not received all her property back. As a material issue of fact exists as to whether the items were returned, a hearing to receive evidence is required.

11. **G-Mail email account**: The government states defendant cannot access the internet as a condition of his supervised release, so the account cannot be returned to him. The

government does not indicate whether the account contains attachments with images containing sexually explicit depictions of minor or other communications used to commit the offenses in this case.  Therefore, a hearing to receive evidence is required.

12. **MySpace email account**:  The government states that this account was never accessed by the government and therefore nothing was seized.  The government does not indicate whether the account contains attachments with images containing sexually explicit depictions of minor or other communications used to commit the offenses in this case. Therefore, a hearing to receive evidence is required.

13. **Hotmail email account**:  The government states defendant cannot access the internet as a condition of his supervised release, so the account cannot be returned to him.  The government does not indicate whether the account contains attachments with images containing sexually explicit depictions of minor or other communications used to commit the offenses in this case.  Therefore, a hearing to receive evidence is required.

14. **Skype email account**:  The government states that this account was used by defendant in the commission of the offense and is therefore properly retained by the government.  Defendant denies any item he seeks contains evidence of a crime or is properly within the concept of

being contraband.  During his guilty plea, defendant admitted using Skype in furtherance of his unlawful conduct (Doc. #76, pp. 17-19.)  Therefore, the motion will be denied as to this account.

15. **Brown leather wallet and contents**:  The government states that this was released but was never picked up by Denise Finlay.  The motion will be granted as to this item and the government directed to return the item.

16. **Sunglasses with case**:  The government states that this was not listed on the property receipt and was therefore never in police custody.  The Court finds that an evidentiary hearing is required to determine whether the property was retained but not listed, and whether it was in fact never in police custody.

17. **GPS Navigation System**:  The government asserts this cannot be returned because it was either used in the commission of defendant's offense or is contraband.  Defendant denies any item he seeks contains evidence of a crime or is properly within the concept of being contraband.  The government does not indicate whether the account contains attachments with images containing sexually explicit depictions of minor or other communications used to commit the offenses in this case.  Therefore, a hearing to receive evidence is required.

18.  **Cell Phone**:   The government asserts this cannot be
returned because it was either used in the commission of
defendant's offense or is contraband.   Defendant denies
any item he seeks contains evidence of a crime or is
properly within the concept of being contraband.   The
government does not indicate whether the account contains
attachments with images containing sexually explicit
depictions of minor or other communications used to commit
the offenses in this case.   Therefore, a hearing to receive
evidence is required.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion For Return of Seized Property (Doc. #89)
and Supplement Motion For Return of Seized Property Pursuant to
Rule 41(g) (Doc. #96) are **GRANTED in part and DENIED in part** as
follows:

1.  The motion is granted with regard to the brown leather
wallet and contents (#15) to the extent that it was never
picked up, and the government shall make arrangement to
provide #15 to Denise Finlay.

2.  The motion is denied with regard to the Skype e-mail
account as it was used in furtherance of his unlawful
conduct.

3.  The motion otherwise remains under advisement with regard
to the remaining items pending an evidentiary hearing.

4. The Federal Public Defender's Office is appointed to represent defendant in conjunction with the evidentiary hearing.  The Clerk shall add the Federal Public Defender's Office as counsel of record and provide a copy of this Order to that office.

5. The Federal Public Defender's Office shall be responsible to obtain defendant's presence in this Court's jurisdiction for the hearing and to issue a subpoena any necessary witnesses, including Denise Finlay.

6. The evidentiary hearing shall take place before the undersigned on October 14, 2014, at 1:30 p.m. before the undersigned.

**DONE and ORDERED** at Fort Myers, Florida, this   23rd   day of August, 2014.

John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Stephen Kozak
AUSA
FPD