UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN KOZAK,

      Petitioner,

v.                                    Case No:  2:15-cv-150-FtM-29CM
                                      Case No:  2:11-cr-121-FTM-29CM

UNITED STATES OF AMERICA,

      Respondent.

---

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #117)[1], Memorandum in Support (Cv. Doc. #2; Cr. Doc. #118), and Appendix (Cv. Doc. #3; Cr. Doc. #123) all filed on March 9, 2015. Petitioner also filed a Supplement to Petitioner's 28 U.S.C. § 2255 Motion (Cv. Doc. #11; Cr. Doc. #122) and a Supplement Appendix (Cv. Doc. #12; Cr. Doc. #124) on April 10, 2015. The United States filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #14; Cr. Doc. #125) on May 11, 2015, and Petitioner filed a Reply (Cv. Doc. #23) on September 8, 2015. For the reasons set forth below, the §2255 motion is denied.

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

On December 8, 2011, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) against petitioner.  Count One charged petitioner with Attempting to Persuade, Induce, Entice and Coerce a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b).  Count Two charged petitioner with Attempting to Solicit Material of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(3)(B) and (b)(1).  (Cr. Doc. #1.)  Petitioner pled guilty to both counts on May 11, 2012, without the benefit of a plea agreement.  (Cr. Doc. #41.)  On August 20, 2012, the Court sentenced petitioner to concurrent terms of 180 months imprisonment as to each count, followed by a term of supervised release.  (Cr. Doc. #45.)  Judgment (Cr. Doc. #46) was filed the same day.

The Federal Defender's Office was appointed to represent Petitioner on appeal (Cr. Doc. #51; Cr. Doc. #52), and ultimately filed an Anders[2] brief, United States v. Kozak, 2013 WL 1291047 (11th Cir. Mar. 25, 2013), and moved to withdraw from representation.  (See Cr. Doc. #87.)  Petitioner filed a *pro* se initial brief with the Eleventh Circuit on June 25, 2013.  (Cv. Doc. #2, p. 2.)  The Eleventh Circuit conducted an independent

---

[2] Anders v. California, 386 U.S. 738 (1967).

review of the record and determined there were no arguable issues of merit, permitted the Federal Defender to withdraw, and affirmed Petitioner's conviction and sentence.  United States v. Kozak, 544 F. App'x 901 (11th Cir. 2013); Cr. Doc. #87.

The United States concedes that the §2255 motion is timely, (Cv. Doc. #14, p. 3), and the Court agrees.

## II.

Petitioner raises three grounds for relief in his §2255 motion to vacate.  Ground One asserts that trial counsel rendered constitutionally ineffective assistance by: (a) failing to object that Count Two of the Indictment did not state an offense; (b) advising petitioner to plead guilty to Count Two "unknowingly, involuntarily, and unintelligently"; (c) failing to "object to the sufficiency of Count One and its ambiguousness"; and (d) not "'recognizing and requesting proof' or holding the government to the standard of proof in establishing proof of territorial, legislative, and subject-matter jurisdiction." (Cv. Doc. #1, p. 4; Cv. Doc. #2, pp. 4-13).  Ground Two alleges that federal jurisdiction was never established in the case. (Cv. Doc. #1, p. 5; Cv. Doc. #2, pp. 13-16.)  Ground Three challenges the Court's subject-matter jurisdiction because Title 18 was not enacted as a true law of the land the way the Constitution requires. (Cv. Doc. #1, p. 7; Cv. Doc. #2, pp. 16-22.)

**A. Evidentiary Hearing Principles**

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

**B. Ineffective Assistance of Counsel General Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner

must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

## III.

### A. Need For Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. Even when the facts are viewed in the light most favorable to Petitioner, the record establishes that Petitioner received effective assistance of counsel and that the district court had subject matter and territorial jurisdiction over the case. Therefore, the Court finds that an evidentiary hearing is not warranted.

### B. Sufficiency of Counts One and Two

Ground One ((a) and (c)) asserts that trial counsel rendered constitutionally ineffective assistance by failing to challenge the sufficiency of Counts One and Two of the Indictment. The general principles governing the sufficiency of an indictment are well established.

When analyzing such challenges [to the sufficiency of an indictment], we give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations. Such a common sense construction is satisfied through consideration of three factors: whether the indictment 1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. These factors ensure the provision of constitutional notice and due process. Ultimately, the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards. However, even when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

United States v. McGarity, 669 F.3d 1218, 1235–36 (11th Cir. 2012) (internal citations and punctuation omitted).

**(1) Count One**

In Count One petitioner was charged with attempting to persuade, induce, coerce, or entice a minor to engage in sexual activity for which he could be criminally charged, in violation of 18 U.S.C. § 2422(b). This statute provides:

"Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual

> activity for which any person can be charged
> with a criminal offense, or attempts to do so,
> shall be fined under this title and imprisoned
> not less than 10 years or for life."

18 U.S.C. § 2422(b). The constitutionality of the statute was upheld in United States v. Panfil, 338 F.3d 1299 (11th Cir. 2003). Additionally, it is clear that "the statute covers not just the actual persuasion of a minor to engage in sexual activity, but also an attempt to do so." United States v. Jockisch, 857 F.3d 1122, 1129 (11th Cir. 2017).

Count One of the Indictment charged that from March to September 2011, in the Middle District of Florida, petitioner, "using any facility and means of interstate and foreign commerce, including a computer, did knowingly attempt to persuade, induce, entice, and coerce any individual who has not attained the age of 18 years . . . to engage in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b)." (Cr. Doc. #1, p. 1.) Petitioner alleges that Count One is insufficient or ambiguous because it is silent as to the particular sexual activity for which he could have been criminally charged. (Cv. Doc. #2, pp. 7-10.) Petitioner asserts that the language of Count One "did not sufficiently place him on notice as to what 'criminal offense', state or federal, constitutes 'sexual activity' with the meaning of federal law." (Cv. Doc. #2, p. 8.) Petitioner also argues

that the Rule of Lenity should be applied because there are multiple "plausible interpretations" of the statute. (Cv. Doc. #2, p. 10.)

The government first responds that petitioner is precluded from raising this issue after the appellate mandate on direct appeal has issued. (Cv. Doc. #14, p. 6.) While the government relies on United States v. Izurieta, 710 F. 3d 1176 (11th Cir. 2013), that case held that the appellate court's ability to *sua sponte* raise the issue of the sufficiency of an indictment, and hence jurisdiction, extended only until the issuance of the mandate on direct appeal. Id. at 1179. This does not address whether a defendant may raise a subject matter jurisdiction issue in a § 2255 motion. It is clear that a petitioner may do so, since the statute authorizes a motion to vacate or set aside a sentence where "the court did not have jurisdiction to impose the sentence." 28 U.S.C. § 2255(a)(2). See also United States v. Addonisio, 442 U.S. 178, 185 (1979) ("Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction.")

After considering the general principles regarding the sufficiency of an indictment discussed above, a reasonable attorney would not have filed a motion to dismiss Court One. Additionally, since any deficiency in Count One could have been easily cured by obtaining a superceding indictment after a motion

to dismiss was filed, there can no prejudice from counsel's failure to challenge the sufficiency of Count One.

It is clear that if petitioner attempted to persuade, entice, induce, or coerce the 13 year old to engage in sexual activity for which petitioner could have been charged under Florida law, he violated § 2422(b). United States v. Korfhage, 683 F. App'x 888, 891 (11th Cir. 2017). The Eleventh Circuit has held that the phrase "sexual activity for which any person can be charged with a criminal offense" has its plain and ordinary meaning. Panfil, 338 F.3d at 1301. The Eleventh Circuit has also considered and rejected petitioner's argument in connection with a substantially similar indictment charging violations of § 2422(b). United States v. McGill, 634 F. App'x 234, 235-36 (11th Cir. 2015) (district court properly denied the defendant's motion to dismiss an indictment charging violation of § 2422(b), concluding that substantially identical language in the indictment[3] "contained the elements of a § 2422(b) offense and sufficiently apprised McGill of the accusations against him.").

---

[3] The Eleventh Circuit's opinion stated that "McGill's indictment charged that he, 'using a facility and means of interstate commerce, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).'" McGill, 634 F. App'x at 236; compare with Cr. Doc. #1 at 1.

Petitioner is correct that Count One did not identify any specific Florida statute(s) with which Petitioner could have been charged had his attempt to persuade the victim to engage in sexual activity been successful. <u>See</u> Cr. Doc. #1. While pleading such statutes in the indictment may be better practice, <u>Jockisch</u>, 857 F.3d at 1133 n.13, there is no such constitutional requirement. <u>E.g.</u>, <u>United States v. Berk</u>, 652 F.3d 132, 138 (1st Cir. 2011) (explaining that "[w]e have never held that identifying a specific criminal offense is a requirement in a section 2422 indictment," and citing cases from other circuits).

Even if counsel's performance was deficient in failing to challenge the sufficiency of Count One, there was no possible prejudice. A successful motion to dismiss Count One would simply have resulted in a superceding indictment setting forth the potential charge(s) with more specificity. Petitioner has never denied that there is one or more chargeable criminal offenses in Florida if a 34 year old engages in sexual activity with a 13 year old. Petitioner admitted in his guilty plea colloquy that he could have been charged with a criminal offense had the sexual activity actually occurred:

> THE COURT: . . . Would you agree, then, that, in some way, you used the game, or the chats, to induce, or entice, the young lady who was under 18 to engage in sexual activity?
>
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: And if the sexual activity had already
> – or had actually occurred, would you agree that
> you could have been charged with a criminal offense
> based on that?
>
> THE DEFENDANT: Yes, Your Honor.

(Cr. Doc. #76, at 17:12-20.) Petitioner was certainly correct.

E.g., Fla. Stat. §800.04 (lewd or lascivious offenses).

The Court finds that petitioner's attorney did not provide ineffective assistance of counsel by failing to challenge the sufficiency of Count One. Petitioner's claim to the contrary is denied.

**(2)  Count Two:**

In Count Two, petitioner was charged with attempting to solicit material of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(3)(B) and (b)(1). Section 2252A(a)(3)(B) provides that "[a]ny person" who "knowingly"—

> . . .
>
> (B) advertises, promotes, presents, distributes, or solicits through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—
>
> (i) an obscene visual depiction of a minor engaging in sexually explicit conduct; or (ii) a visual depiction of an actual minor engaging in sexually explicit conduct;
>
> . . .

shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(3)(B).  Subsection (b)(1), in turn, states: "Whoever violates, or <u>attempts</u> or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a). . . ." 18 U.S.C. 2252A(b)(1) (emphasis added).  The constitutionality of this statute was upheld in <u>United States v. Williams</u>, 553 U.S. 285, 192-93 (2008).

Petitioner asserts, quite correctly, that he was charged with and pled guilty to an attempt to violate this statute.  Count Two of the Indictment charges that from March to September 2011, in the Middle District of Florida, Petitioner "did knowingly attempt to solicit, using any means and facility of interstate or foreign commerce, including by computer, any material or purported material in a manner that reflects the belief that the material contains a visual depiction of an actual minor engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(3)(B) and (b)(1)."  (Cr. Doc. #1, pp. 1-2.)

Petitioner now argues that § 2252A(a)(3)(B) does not criminalize attempting to solicit such material because "attempt" is not mentioned in § 2252A(a)(3)(B).  Since Congress has not created such an attempt offense, petitioner argues, he was indicted and pled guilty to a non-existent offense.  Petitioner maintains that his attorney provided ineffective assistance by not

challenging Count Two as charging a non-existent offense. (Cv. Doc. #2, pp. 4-5.)

While petitioner is correct that § 2252A(a)(3)(B) does not itself mention "attempt," it does incorporate subsection (b), which states: "Whoever violates, or <u>attempts</u> or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a). . . ." shall be punished in a specific manner. 18 U.S.C. 2252A(b)(1) (emphasis added). The question is whether Congress intended to simply create a penalty provision in § 2252(b)(1), or to also create separate offenses for attempt and conspiracy to violate the statute. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 228 (1998). This requires the Court to examine the statute's language, structure, subject matter, context, and history. <u>Id.</u> at 228-29.

It is clear that Congress has created additional offenses for attempt and conspiracy to violate the statute. All the factors identified in <u>Almendarez-Torres</u> point to the creation of separate offenses, not just the creation of a penalty provision. Congress has created other attempt offenses in a similar manner. <u>See</u> 18 U.S.C. §§ 2241(a); 2241(b); 2242; 2243(a); 2243(b); 2251(e); and 2252(b)(1). Because there is a federal criminal offense of attempted solicitation, and Count Two sufficiently sets forth this offense, petitioner's attorney did not provide ineffective assistance by failing to challenge the sufficiency of Count Two.

Petitioner's claim to the contrary is denied.

**C. Advice to Plead Guilty to Count Two**

In Ground One, petitioner also argues that counsel was ineffective for advising him to "unknowingly, involuntarily, and unintelligently" plead guilty to the non-existent offense in Count Two. (Cv. Doc. #2, pp. 5-7.) For the reasons discussed <u>supra</u>, this argument is meritless because Petitioner did not pled guilty to a non-existent offense.

Moreover, the transcript of petitioner's guilty plea demonstrates that his guilty plea was in fact knowing, voluntarily and intelligent. (Cr. Doc. #76.) Petitioner was specifically asked whether he understood the charges against him, whether he was satisfied with counsel, and whether he was pleading guilty knowingly and voluntarily, and he responded affirmatively:

>        THE COURT:  And you've read over the indictment?
>
>        THE DEFENDANT:  Yes, ma'am.
>
>        THE COURT:  You understand the charges against you?
>
>        THE DEFENDANT:  Yes, ma'am.
>
>        THE COURT:  Have you reviewed the indictment with your attorney?
>
>        THE DEFENDANT:  Yes, ma'am; multiple times.
>
>        THE COURT:  And you've had enough time to do that?
>
>        THE DEFENDANT:  Yes, ma'am.

THE COURT:  Are you satisfied with the services and the advice he's given you?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Any complaints about what he has or has not done on your behalf?

THE DEFENDANT:  No, ma'am.

. . .

THE COURT: . . . Count 2 charges you with attempting to solicit material of a minor engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(3)(B) [sic] and (b)(1).  Do you understand those are the charges against you?

THE DEFENDANT:  Yes, Your Honor.

. . .

THE COURT:  Are you freely and voluntarily entering a plea of guilty to the charges?

THE DEFENDANT:  Yes, Your Honor.

(Cr. Doc. #76 at 5:1-15, 6:15-19, 20:14-16.)  Additionally, the Court found that petitioner's guilty pleas were made knowingly, voluntarily, intelligently and freely.  (Cr. Doc. #76, p. 20.) Petitioner's claim that counsel was ineffective for advising him to plead guilty to the non-existent offense in Count Two is without merit and is therefore denied.

### D. Jurisdictional Claims

Petitioner argues both an ineffective assistance of counsel claim and substantive claims involving the Court's territorial,

legislative, and subject-matter jurisdiction. (Cv. Doc. #2, pp. 10-13.) Petitioner argues that his attorney provided constitutionally ineffective assistance by not challenging the territorial and subject matter jurisdiction of the court, and that the government never proved that the Court had such jurisdiction over his case.

**(1) Ineffective Assistance of Counsel**

Petitioner argues that his attorney provided ineffective assistance by failing to hold the government to it burden under Federal Rules of Evidence Rule 201(c)(2) and (b)(2) to establish territorial and subject matter jurisdiction. (Cv. Doc. #2, pp. 12-13.) But nothing in Rule 201 itself places any particular burden on the government. Although the government must certainly establish territorial and subject matter jurisdiction, that burden is not founded on a rule of evidence such as Rule 201. Indeed, a court may take judicial notice of facts which vest the United States with jurisdiction. United States v. Benson, 495 F.2d 475, 481 (5th Cir. 1974); United States v. Chapman, 692 F. App'x 583 (11th Cir. 2017).

There was no ineffective assistance of counsel for failing to argue that Fed. Rule Evid. 201 either created a jurisdictional burden, or was not followed by the government. Additionally, because the Court did indeed have jurisdiction, as discussed below,

there can be no prejudice to petitioner.  Petitioner's claims to the contrary are denied.

### (2)    Existence    of    Subject    Matter    and    Territorial Jurisdiction

Petitioner argues in Ground Two that the government never established territorial jurisdiction, and in Ground Three that the government never established subject matter jurisdiction.  (Cv. Doc. #2, pp. 13-22.)  Both claims are without merit.

It is certainly true that each federal criminal statute contains a jurisdictional element which connects the statute to one of Congress's enumerated powers, thus establishing legislative authority to punish certain conduct.  Torres v. Lynch, 136 S. Ct. 1619, 1630 (2016).  This jurisdiction component, as well as the substantive elements, must be proved by the government beyond a reasonable doubt.  Id.

Here, both counts of the Indictment alleged territorial jurisdiction within the United States.  Both counts alleged that the criminal conduct took place "in the Middle District of Florida" between March and September 2011.  (Cr. Doc. #1.)  Petitioner pled guilty to both counts, acknowledging that he had read the Indictment and understood the charges.  (Cr. Doc. #76, p. 5.)  The government proffered a factual basis for the guilty pleas, to which defendant stated he had only "minor discrepancies, but it's nothing major."  (Id. at 15.)  Those facts indicated that on November 9,

2011, petitioner came to an undercover residence in Fort Myers, Florida to meet with the person he believed was a thirteen he had been communicating with via computer. (Cr. Doc. #34, pp. 2-6.) During his plea colloquy, Petitioner admitted to committing the crimes within the Middle District of Florida:

> THE COURT: . . . tell me, in your own words, what it is that you did, specifically, between September – or March of 2011, from around that time, to September of 2011, here in the Middle District of Florida.
>
> THE DEFENDANT: I was online, playing a video game, and I met – I met a young lady. We chatted, and it ended up being more than just chats, it ended up being sexual chats and other things. . . .

(Cr. Doc. #76 at 16:2-9 (emphasis added)). Petitioner agreed that he used his on-line chats to induce or entice the minor to engage in sexual activity (Cr. Doc. #76, p. 17), and that he could have been charged with a criminal offense if the sexual activity had actually taken place (Id.). Fort Myers, Florida is within Lee County, Florida, which is within the Middle District of Florida and the territorial jurisdiction of the United States. 28 U.S.C. § 89. No further "proof" was required in the context of a guilty plea. Counsel was therefore not ineffective in failing to object on jurisdictional grounds, and the government did establish territorial jurisdiction within the United States.

Additionally, subject matter jurisdiction was clearly present. "Subject-matter jurisdiction defines the court's

authority to hear a given type of case. . . ." <u>United States v.</u>
<u>Morton</u>, 467 U.S. 822, 828 (1984).  Congress gave district courts
the authority to hear certain criminal cases when it provided the
district courts with jurisdiction—"exclusive of the courts of the
States"—of "all offenses against the laws of the United States."
18 U.S.C. § 3231.  <u>Musacchio v. United States</u>, 136 S. Ct. 709, 717
(2016) ("Federal courts' general criminal subject-matter
jurisdiction comes from 18 U.S.C. § 3231, which states: 'The
district courts . . . shall have original jurisdiction . . . of
all offenses against the laws of the United States.'" (alterations
in original)).  "[S]ubject matter jurisdiction in every federal
criminal prosecution comes from 18 U.S.C. § 3231, and, in almost
all criminal cases, that's the beginning and the end of the
'jurisdictional' inquiry."  <u>United States v. Tinoco</u>, 304 F.3d
1088, 1104 (11th Cir. 2002) (citation omitted).

"So long as the indictment charges the defendant with
violating a valid federal statute as enacted in the United States
Code, it alleges an 'offense against the laws of the United States'
and, thereby, invokes the district court's subject-matter
jurisdiction."  <u>United States v. Brown</u>, 752 F.3d 1344, 1354 (11th
Cir. 2014) (citation omitted).  <u>See</u> <u>United States v. Romero-Galue</u>,
757 F.2d 1147, 1150-51 n.10 (11th Cir. 1985) (noting that the
district court 'obviously had subject matter jurisdiction' because
Congress, pursuant to 18 U.S.C. § 3231, 'conferred upon the federal

district courts the power to adjudicate all cases involving crimes against the United States.')."). Here, both counts of the Indictment charged Petitioner with violating a valid federal statute as enacted in the United States Code. (Cr. Doc. #1, pp. 1, 2.) The Indictment therefore alleges an "offense against the laws of the United States" over which this Court has subject matter jurisdiction. <u>Brown</u>, 752 F.3d at 1354. Petitioner's lengthy argument that Title 18 was not validly passed is frivolous. As recently as 2016 the Supreme Court recognized § 3231 as the proper basis for federal court jurisdiction. <u>Musacchio v. United States</u>, 136 S. Ct. 709, 717 (2016).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #117) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>,

556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___2nd___ day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA